**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Sunrise Wind LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **Douglas J. Burgum**, in his official capacity as Secretary of the Interior, et al., <br><br> Defendants. | Case No. 1:26-cv-00028-RCL <br><br> Case No. 1:26-cv-00072-RCL (consolidated) <br><br> **Federal Defendants' Answer to New York's Complaint** |
| **State of New York, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Douglas J. Burgum,** in his official capacity as Secretary of the Interior, **et al.**, <br><br> Defendants. | |

Federal Defendants U.S. Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; Bureau of Ocean Energy Management ("BOEM"); and Matthew Giacona, in his official capacity as Acting Director of BOEM, through counsel, answer the Complaint filed in case number 26-cv-72, Dkt. No. 1. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Federal Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include legal or factual allegations, Federal Defendants deny those allegations. Federal

Defendants deny any allegation in the Complaint that is not specifically admitted, denied, or qualified in this Answer.

1.      The allegations in Paragraph 1 constitute Plaintiff's characterization of the case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

2.       Federal Defendants admit that the Sunrise Wind Farm and Sunrise Wind Export Cable (the "Project") is an offshore wind project located on the Outer Continental Shelf (OCS) approximately 30 miles east of Montauk, that its planned capacity is 924 megawatts, and that it is planned to deliver electricity to the grid in New York.  Federal Defendants deny the remaining allegations in Paragraph 2.

3.      Federal Defendants admit the allegations in Paragraph 3.

4.      Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and deny them on that basis.

5.      The allegations in Paragraph 5 purport to characterize New York's Energy Law, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that law, Federal Defendants deny them.

6.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6 and deny them on that basis. Federal Defendants admit that the New York Public Service Commission adopted an Offshore Wind Standard.  The remaining allegations in the second sentence of Paragraph 6 purport to characterize *In re Offshore Wind Energy*, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that ruling, they are denied.

7.      Federal Defendants admit that New York issued an Offshore Wind Master Plan. The remaining allegations in Paragraph 7 purport to quote or characterize that Plan, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that Plan, Federal Defendants deny them.

8.      Federal Defendants admit that New York released the 2025 State Energy Plan.  The remaining allegations in Paragraph 8 purport to characterize the New York Energy Law or the 2025 State Energy Plan, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the Law or the Plan, Federal Defendants deny them.

9.      Federal Defendants admit that the New York Legislature passed the Climate Leadership and Community Protection Act in 2019.  The remaining allegations in Paragraph 9 purport to quote or characterize that Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that Act, Federal Defendants deny them.

10.     Federal Defendants admit the allegations in Paragraph 10.

11.     Federal Defendants admit the allegations in the first sentence of Paragraph 11. Federal Defendants admit that several federal agencies reviewed applications for the project over several years and that BOEM's conditions of COP approval included conditions recommended by DOW to mitigate national security impacts.  Defendants deny the remaining allegations in the second and third sentences of Paragraph 11.  The fourth sentence of Paragraph 11 purports to characterize BOEM's Record of Decision, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with BOEM's Record of Decision, Federal Defendants deny them.

12.     The allegations in Paragraph 12 purport to characterize BOEM's December 22 suspension order to Sunrise Wind, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconstant with the order, Federal Defendants deny the allegations.

13.      Federal Defendants deny the allegations in Paragraph 13.

14.     Federal Defendants admit the allegations in Paragraph 14.

15.     Federal Defendants admit the allegations in Paragraph 15.

16.     Federal Defendants admit the allegations in Paragraph 16.

17.     Federal Defendants admit the allegations in Paragraph 17.

18.     Federal Defendants admit the allegations in Paragraph 18

19.     Federal Defendants admit the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response may be required, Federal Defendants admit that the Court has subject matter jurisdiction, but deny any remaining allegations.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent a response may be required, Federal Defendants admit that venue is proper in the District but deny any remaining allegations.

22.     The allegations in Paragraph 22 purport to quote from and characterize the Outer Continental Shelf Lands Act (OCSLA), which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with OCSLA, Federal Defendants deny them.

23.     The allegations in Paragraph 23 purport to characterize OCSLA and the 2005 amendments to OCSLA, which speak for themselves and are the best evidence of their contents.

To the extent that the allegations are inconsistent with those the Act or the amendments, Federal Defendants deny them.

24. The allegations in Paragraph 22 purport to quote and characterize the Outer Continental Shelf Lands Act (OCSLA), which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with OCSLA, Federal Defendants deny them.

25. Federal Defendants admit the allegations in the first sentence of Paragraph 25. The remaining allegations in Paragraph 25 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those regulations, Federal Defendants deny them.

26. The allegations in Paragraph 26 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those regulations, Federal Defendants deny them.

27. The allegations in Paragraph 27 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those regulations, Federal Defendants deny them.

28. The allegations in Paragraph 28 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those regulations, Federal Defendants deny them.

29. The allegations in Paragraph 29 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those regulations, Federal Defendants deny them.

30.    The allegations in Paragraph 30 purport to quote and characterize OCSLA, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with OCSLA, Federal Defendants deny them.

31.    Federal Defendants admit the allegations in the first sentence of Paragraph 31.  The remaining allegations in Paragraph 31 characterize an order of the New York Public Service Commission, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that order, Federal Defendants deny them.

32.    The allegations in Paragraph 33 characterize New York's Offshore Wind Standard, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that standard, Federal Defendants deny them.

33.    Federal Defendants admit the allegations in Paragraph 33.

34.    Federal Defendants admit the allegations in Paragraph 34.

35.    Federal Defendants admit the allegations in the first and third sentences of Paragraph 35.  Federal Defendants admit the project's planned nameplate capacity is 924 megawatts generated by 84 turbines, but lack knowledge or information sufficient to form a belief about the remaining allegations in the second sentence and deny them on that basis.

36.    Federal Defendants admit the process of issuing a lease and approving a COP on the lease has lasted more than a decade, but deny any remaining allegations in Paragraph 36.

37.    Federal Defendants admit the allegations in Paragraph 37.

38.    The allegations in Paragraph 38 purport to characterize Sunrise Wind's lease, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that lease, Federal Defendants deny them.

39. The allegations in Paragraph 39 purport to characterize Sunrise Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that lease, Federal Defendants deny them.

40. Federal Defendants admit the allegations in the first and second sentences of Paragraph 40. The remaining allegations in Paragraph 40 purport to characterize Sunrise Wind's COP, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that COP, Federal Defendants deny them.

41. Federal Defendants admit the allegations in Paragraph 41.

42. Federal Defendants admit the allegations in the first sentence of Paragraph 42. The remaining allegations in Paragraph 42 purport to quote or characterize the Final EIS for the project, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Final EIS, Federal Defendants deny them.

43. Federal Defendants admit the allegations in the first sentence of Paragraph 43. The remaining allegations in Paragraph 43 purport to quote or characterize the Record of Decision (ROD) for the project, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the ROD, Federal Defendants deny them.

44. Federal Defendants admit the allegations in first sentence of Paragraph 44. The remaining allegations in Paragraph 44 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the ROD, Federal Defendants deny them.

45. Federal Defendants deny the allegations in the first sentence of Paragraph 45 and aver that construction on Sunrise Wind's lease could not proceed until after the Project submitted

additional documents to BOEM or BSEE. Federal Defendants admit the allegations in the second sentence of Paragraph 45.

46.    Federal Defendants admit the allegations in the first sentence of Paragraph 46. The remaining allegations in Paragraph 46 purport to characterize the agreement between Sunrise Wind, the Department of War, and the Department of the Air Force, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the agreement, Federal Defendants deny them.

47.    Federal Defendants admit the allegations in the first sentence of Paragraph 47. The remaining allegations in paragraph 47 purport to characterize a GAO report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that report, Federal Defendants deny the allegations.

48.    Federal Defendants admit the allegations in the first sentence of Paragraph 48. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 48 and deny them on that basis.

49.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 regarding the percentage of completion and deny the allegations on that basis. Federal Defendants admit the remaining allegations of Paragraph 49.

50.    Federal Defendants admit the allegations in the first sentence of Paragraph 50. Federal Defendants admit the transmission line was planned as described in the second sentence of Paragraph 50, but lack knowledge or information to form a belief about the truth of the allegations regarding current construction or completion status of the transmission line and deny those allegations on that basis.

51.     Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 51.  Federal Defendants admit that Sunrise Wind planned to begin wind turbine generator installation in first quarter of 2026, but lack knowledge or information sufficient to form a belief about the remaining allegations in the fourth sentence of Paragraph 51 and deny the allegations on that basis.

52.     Federal Defendants admit that a Presidential Memorandum issued on January 20, 2026, and that BOEM paused issuing wind project authorizations.  The remaining allegations in the first sentence of Paragraph 52 purport to characterize the Memorandum, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Memorandum, they are denied.  Federal Defendants deny any remaining allegations in Paragraph 52.

53.     The allegations in Paragraph 53 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that Executive Order, they are denied.

54.     Federal Defendants admit that BOEM issued a stop-work order on April 16, 2025, to Empire Wind and lifted that order on May 19, 2025. The remaining allegations in Paragraph 54 purport to characterize the Empire Wind stop-work order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that order, they are denied.

55.     The allegations in Paragraph 55 purport to characterize a press release, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the press release, they are denied.

56.    The allegations in Paragraph 56 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Executive Order, they are denied.

57.    Federal Defendants admit that BOEM issued a stop-work order to Revolution Wind on August 22, 2025.  The remaining allegations in Paragraph 57 purport to characterize the August 22, 2025, order and a judicial ruling, each of which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with either, they are denied.

58.    The allegations in Paragraph 58 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that opinion, they are denied.

59.    Federal Defendants admit that BOEM issued a suspension order to Revolution Wind on December 22, 2025.  The remaining allegations in Paragraph 59 purport to characterize the December 22 suspension order ("Suspension Order") and Director Giacona's declaration, each of which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Suspension Order or the declaration, they are denied.

60.    The allegations in Paragraph 60 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that documentation, they are denied.

61.    The allegations in Paragraph 61 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that documentation, they are denied.

62.    The allegations in Paragraph 62 are vague and ambiguous in their identification of the statements in question, and Federal Defendants deny the allegations on that basis.

63.    Federal Defendants admit that the Suspenion Order issued on December 22 and that the Department of the Interior first received new classified information from the Department of War about month prior to that date.  The remaining allegations in Paragraph 63 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Suspension Order, they are denied.

64.    The allegations in Paragraph 64 purport to characterize a press release and report, each of which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the press release or report, they are denied.

65.    The allegations in Paragraph 65 purport to characterize statements of Secretary Burgum, each of which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statements, they are denied.

66.    The allegations in Paragraph 66 purport to characterize a statement by the President, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statement, they are denied.

67.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and deny them on that basis.

68.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and deny them on that basis.

69.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and deny them on that basis.

70.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and deny them on that basis.

71.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 71 and deny them on that basis. The allegations in the second sentence of Paragraph 71 purport to characterize a NYISO report, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the report, they are denied.

72.    The allegations in Paragraph 72 purport to characterize the 2025 State Energy Plan and NYISO 2025 Q3 Report, each of which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Plan or Report, they are denied.

73.    The allegations in Paragraph 73 purport to characterize the 2025 State Energy Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Plan, they are denied.

74.    The allegations in the first sentence of Paragraph 74 are vague and ambiguous regarding the systems in question, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 74 purport to characterize the 2025 State Energy Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Plan, they are denied. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 75 and deny them on that basis.

75.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and deny them on that basis.

76.    Federal Defendants admit that the Sunrise Wind Project is under construction. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and deny them on that basis.

77.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and deny them on that basis.

78.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and deny them on that basis.

79.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and deny them on that basis.

80.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and deny them on that basis.

81.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and deny them on that basis.

82.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and deny them on that basis.

83.    Federal Defendants admit the allegations in the first sentence of Paragraph 83.  The remaining allegations in Paragraph 83 purport to characterize the 2019 New York Climate Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

84.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and deny them on that basis.

85.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and deny them on that basis.

86.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and deny them on that basis.

87.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and deny them on that basis.

88.     Federal Defendants deny the allegations in Paragraph 88.

89.     Federal Defendants incorporate by reference their responses to the preceding paragraphs

90.     The allegations in Paragraph 90 purport to characterize the Director's Order, which speaks for itself and is the best evidence of its content.  To the extent that the allegations are inconsistent with the Order, they are denied.

91.     The allegations in Paragraph 91 constitute legal conclusions, which require no response.  To the extent a response is required, Federal Defendants admit that the Suspension Order constitutes a final agency action, but deny any remaining allegations in Paragraph 91.

92.     The allegations in Paragraph 92 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

93.     Federal Defendants deny the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 purport to characterize *FCC v. Prometheus Radio Project*, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the opinion, they are denied.

95.     The allegations in Paragraph 95 purport to characterize *Kirwa v. U.S. Dep't of Def.*, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the opinion, they are denied.

96.     Federal Defendants deny the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 purport to characterize *FDA v. Wages & White Line Invs.*, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the opinion, they are denied.

98.     Defendants admit that the Sunrise Wind Project was approved. The remaining allegations in Paragraph 98 characterize the ROD, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the ROD, they are denied.

99.     The allegations in Paragraph 99 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Order, they are denied.

100.    Federal Defendants deny the allegations in the first sentence of Paragraph 100. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and deny them on that basis

101.    The allegations in Paragraph 101 purport to characterize *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut/ Auto. Ins. Co.*, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the opinion, they are denied.

102.    The allegations in Paragraph 102 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that documentation, they are denied.

103.    The allegations in Paragraph 101 purport to characterize *Dep't of Com. v. New York*, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the opinion, they are denied.

104.    Federal Defendants deny the allegations in Paragraph 104.

105.    The allegations in the first sentence of Paragraph 105 purport to characterize statements by the Secretary and President, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statements, they are denied. Federal Defendants deny the remaining allegations in Paragraph 105.

106.    Federal Defendants admit that BOEM issued the Director's Order on December 22, 2025, and that the Order occurred later in time than the referenced court rulings.  The remaining allegations in Paragraph 106 purport to characterize the Order and ruling, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Order or ruling, they are denied.

107.    The allegations in the first sentence of Paragraph 107 purport to characterize a press release, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the press release, they are denied.  The allegations in the second sentence of Paragraph 107 purport to characterize a news report, which speaks for itself and is the best evidence of its content.  To the extent that the allegations are inconsistent with the news report, they are denied.

108.    Federal Defendants admit the Suspenion Order issued on December 22, 2025, and that it issued about a month after the Department of the Interior first received the new classified information from the Department of War.  The remaining allegations in Paragraph 108 purport to characterize a press release, which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the press release, they are denied.

109.    The allegations in Paragraph 109 characterize the Suspension Order, which speaks for itself and is the best evidence of its content.  To the extent that the allegations are inconsistent with the Order, they are denied.

110.    Federal Defendants deny the allegations in Paragraph 110.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief, which requires no response.  To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiff's Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.


April 9, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General


_____   s/ Kristofor R. Swanson_____
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
AMBER DUTTON-BYNUM
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-1937 (Swanson)
(202) 330-2694 (Dutton-Bynum)
kristofor.swanson@usdoj.gov
amber.dutton-bynum@usdoj.gov

*Attorneys for Federal Defendants*